**GAHANNA BANK CO et v MIESSE, Admr**

Ohio Appeals, 2nd Dist, Franklin Co

No. 1987.   Decided March 6, 1931

Morton, Irvine, Blanchard & TouVelle, C. M. Addison and David Evans, Columbus, for Gahanna Bank Co. et.

N. W. Dick and E. M. Balbridge, Columbus, for Miesse, Admr.

KUNKLE, J.

The rule governing transactions of this kind insofar as Ohio is concerned is well established. It will not require the citation or discussion of authorities from sister states to establish the same.

In the case of **Riddle and Parker v Roll and others, 24 Oh St, at page 572,** the first paragraph of the syllabus is as follows:

"An administrator, ordered by the court to sell lands of the estate, procured a party to attend the sale and become the purchaser, and no other person being present or bidding at the sale, sold the land at two-thirds its appraised value to such purchaser, who, immediately upon receiving his deed therefor, with the knowledge and consent of the administrator, conveyed the land to a trustee for the use of the administrator's wife during her life, with remainder to her children begotten by her husband, and with power in the wife to sell the land: Held, that the transaction, upon its face, and in the absence of clear and satisfactory explanation, is fraudulent and void; and that it is a question of fact for the court to decide whether the evidence furnishes such explanation."

In the case at bar, there were other persons present at the judicial sale held by the said administrator, but the wife of the said administrator was the only bidder, who purchased the premises in question at two-thirds of the appraisal.

In the **45 Ohio State Reports, at page 512,** in the case of **Caldwell v Caldwell,** a very instructive decision is found upon this general subject.

This was a case in which an administrator made a sale of certain lands where a confirmation of the sale was secured and a deed executed to the purchaser, and the purchaser conveyed the same to the said administrator upon certain conditions.

At page 522 of this case, Judge Owen, in delivering the opinion of the court, among other things, adopts the following as a part of the decision of the court, namely:

"However innocent the purchase may be in a given case, it is poisonous in its consequences. The cestui que trust is not bound to prove nor is the court bound to judge, that the trustee has made a bargain advantageous to himself. The fact may be so, and yet the party not have it in his power, distinctly and clearly, to show it. There may be fraud, and the party not able to prove it. It is to guard against this uncertainty and hazard of abuse, and to remove the trustee from temptation, that the rule does and will permit the cestui

que trust to come, at his own option, and without showing actual injury and insist upon having the experiment of another sale. This is a remedy which goes deep, and touches the very root of the evil."

Without quoting further from the authorities, we think the rule is well established in this jurisdiction that the trustee, be he an administrator or any other form of trustee, may not profit, either directly or indirectly, at his own sale.

From a consideration of the record in this case, we can not escape the conclusion but that the administrator, as the husband of the purchaser, even if not the real purchaser, at his own sale, did profit indirectly by this sale.

From his own testimony, made subsequently in the hearing of two witnesses, that he would not take less than a hundred dollars an acre for the farm in question; from the written statement that he made to The Home Savings Company when a loan was secured on the premises in question to secure the purchase price thereof, and from other circumstances disclosed by the record, we can not, as above stated, escape the conclusion but that this property was not sold at its fair market value, and that the said administrator was, at least indirectly, if not directly, interested and benefitted by such sale. This is not denied by the administrator, no satisfactory explanation is made by said administrator of the sale to his wife.

We are further of opinion that the deed in question and the sale made by such administrator should be set aside, and held for naught.

Decree accordingly.

ALLREAD, PJ and HORNBECK, J, concur.